No. 35.—Moses H. Baldwin, plaintiff in error, *vs.* Joseph A. L. Lee, defendant.

[1.] When no replication is filed to an answer in Chancery, and the parties go to trial upon the bill and answer, the whole of the answer, whether responsive to the bill or not, is taken as true.

[2.] A defective record cannot be supplied by consent before this Court.

In Equity, in Muscogee Superior Court.    Tried before Judge Alexander, May Term, 1849.

From the direction given to this case in the Supreme Court, it is unnecessary to state the facts and points made in the Court below, farther than they appear in the decision of the Court.

Downing, for plaintiff in error.

Benning, for defendant, *declined to argue the case.*

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] In this case the controversy was, whether certain parts of the answer were or were not responsive to the bill.    The ruling of the Court below upon this point was the only decision relied upon before us by the plaintiff in error.    I perceive that one other ground of error is taken, both in the bill of exceptions and the assignment.    The fact, however, was that counsel for the defendant in error, upon its being stated by counsel for the plaintiff that he would rely upon the want of a replication, gave up the case, conceding that if there was no replication filed the decision of the Circuit Court could not be sustained.    The plaintiff failing to reply, and the parties having gone to the Jury on the bill and answer, there could be no controversy as to whether the answer was responsive to the bill.    There could be no use in such controversy.    The rule is, that where a replication is put in, and the parties proceed to a hearing, all the allegations of the answer which are responsive to the bill shall be taken as true, unless they are disproved by two witnesses, or by one witness and corroborating circumstances.    Such allegations as are not responsive to the

bill, but set up affirmative matter in opposition to, or in avoidance of the plaintiff's demand, must be proven by independent testimony. But when the case is heard upon the bill and answer, there being no replication filed, the answer must be taken as true, whether responsive to the bill or not. 2 *Daniel's Ch. Prac.* 983, 984, *notes.* 2 *Stew. & Port.* 297. 5 *Ib.* 134. 3 *Ib.* 161. 10 *Vermont,* 265. 14 *Ib.* 208. 13 *Ib.* 341. 2 *Cowen,* 118. 2 *Rand.* 577. 1 *Wash.* 162. 9 *Pick.* 73. 6 *Howard,* (*Miss.*) 303.

We infer from what was said in the argument, that the want of a replication was not insisted on in the Court below, but that it was considered as filed. This I state in justice to His Honor, Judge *Alexander,* who tried the cause.

[2.] It is, however, insisted on here. The record exhibits no replication, and were the parties willing to waive it, we could not hear the cause upon such waiver. A defective record cannot be made perfect before this Court by consent. We are required to determine according to the record as it appears before us.

Let the judgment below be reversed.